**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

             v.

SAIR GUZMAN-MATA, a.k.a. Claudio
Rios-Guzman,
             *Defendant-Appellant.*

No. 08-10061

D.C. No.
CR-07-01518-FRZ

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted
February 9, 2009—San Francisco, California

Filed August 27, 2009

Before: John T. Noonan, Marsha S. Berzon, and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

## COUNSEL

David T. Shannon, Assistant Arizona Federal Public Defender, Tuscon, Arizona, for defendant-appellant, Sair Guzman-Mata.

Celeste B. Corlett and George Ferko, Assistant United States Attorneys for the District of Arizona, Tuscon, Arizona, for appellee United States of America.

---

## OPINION

N.R. SMITH, Circuit Judge:

Appellant Sair Guzman-Mata appeals the sentence imposed after he pleaded guilty to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326. Specifically, Guzman-Mata challenges the district court's imposition of a 16-level enhancement (under the U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(A)) for Guzman-Mata's prior conviction under 8 U.S.C. § 1324(a)(1)(A).[1] We hold that a conviction under 8 U.S.C. § 1324(a)(1) is categorically an "alien smuggling offense" under U.S.S.G. § 2L1.2(b)(1)(A). Therefore, the district court did not plainly err in imposing the enhancement and we affirm Guzman-Mata's sentence.

## FACTS AND PROCEDURAL HISTORY

Guzman-Mata was deported in August 2007 following his arrest and conviction for felony domestic assault in Minnesota. Three days after his deportation, Border Patrol agents in Naco, Arizona, apprehended Guzman-Mata. He was subsequently charged with illegal re-entry, in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2). With the advice of counsel, Guzman-Mata pleaded guilty on October 9, 2007.

---

[1]That statute punishes, in pertinent part, any person who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law[.]" 8 U.S.C. § 1324(a)(1)(A)(ii).

The Presentence Investigation Report ("PSR") determined that Guzman-Mata had a Criminal History Category of VI for eighteen different criminal convictions over a ten-year period.[2] At the time of his sentencing, the record indicated that Guzman-Mata had been previously deported fourteen times.

For the present § 1326 violation, the district court determined Guzman-Mata's base offense level to be eight. *See* U.S.S.G. § 2L1.2. Guzman-Mata received a three point reduction for acceptance of responsibility and for timely notifying the government of an intention to plead guilty. *See* U.S.S.G. §§ 3E1.1(a)-(b). Per the PSR, the district court also applied a 16-level enhancement (under U.S.S.G. § 2L1.2(b)(1)(A)(vii)) for Guzman-Mata's prior conviction of an alien smuggling offense under 8 U.S.C. § 1324(a)(1). With a total offense level of 21, the district court calculated the sentencing range to be 77 to 96 months. The district court then expressly considered the § 3553(a) sentencing factors and sentenced Guzman-Mata to 77 months' imprisonment. At sentencing, Guzman-Mata made no objection to the PSR or to the sentence imposed. This appeal followed.

## STANDARD OF REVIEW

We review *de novo* the district court's interpretation and application of the Federal Sentencing Guidelines, including whether a prior conviction qualifies for enhancement under U.S.S.G. § 2L1.2(b)(A). *See United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2005). However, because Guzman-Mata did not object to the sentencing enhancement at the time of sentencing, we review his sentence only for plain error. *See United States v. Rodriguez-Lara*, 421 F.3d 932, 948 (9th Cir. 2005). Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (quoting *United States v. Ameline*, 409 F.3d 1073, 1078

---

[2]One of Guzman-Mata's prior convictions was for illegal re-entry, for which he served eight months' imprisonment.

(9th Cir. 2005) (en banc) (omitting citation and internal quotation marks)). Even if Guzman-Mata shows plain error, we may only reverse if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 948-49 (quoting *Ameline*, 409 F.3d at 1078 and omitting citation and internal quotation).

## DISCUSSION

### I.   A Conviction under § 1324(a)(1) Qualifies as an "Alien Smuggling Offense" under U.S.S.G. § 2L1.2(b)(1)(A).

We must decide whether Guzman-Mata's prior conviction under 8 U.S.C. § 1324(a)(1)(A)(ii)[3] qualifies as an "alien smuggling offense" for the purposes of U.S.S.G. § 2L1.2(b)(1)(A). To do so, we look to § 1324(a)(1)(A) and compare its elements to the definition of an alien smuggling offense under U.S.S.G. § 2L1.2(b)(1)(A)(vii) to determine whether the "statutory definition substantially corresponds to [the] 'generic' [offense]." *See Taylor v. United States*, 495 U.S. 575, 602 (1990).

**[1]** When interpreting the Sentencing Guidelines, we apply the general rules of statutory construction. *See United States v. Valenzuela*, 495 F.3d 1127, 1133 (9th Cir. 2007) (citations omitted). Under these rules, "[t]he plain meaning of unambiguous language in a guideline provision controls." *Id.* "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

---

[3]Unless otherwise noted, citations or references to the United States Code, which omit the title, are references to Title 8.

### A. The Alien Smuggling Enhancement Applies when the Defendant has been Previously Convicted of Violating § 1324(a)(1)(A).

[2] We begin with the text of the relevant Guideline, which provides, "If the defendant previously was deported, or unlawfully remained in the United States, after . . . an *alien smuggling offense*, increase [the offense level] by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A)(vii) (emphasis added). The commentary to the Guideline provides: " 'Alien smuggling offense' has the meaning given that term in section 101(a)(43)(N) of the Immigration and Nationality Act ["INA"] (8 U.S.C. [§ ] 1101(a)(43)(N))." U.S.S.G. § 2L1.2, cmt. app. n.1(B)(i). The INA defines "alien smuggling offense" as:

> an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), *except* in the case of a first offense for which the *alien has affirmatively shown* that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter[.]

§ 1101(a)(43)(N) (emphasis added).

[3] We find nothing ambiguous about the plain language of the Guideline, its commentary, and the statutory definitions it incorporates by reference. The 16-level alien smuggling enhancement applies if there is a prior conviction for an offense described in § 1324(a)(1)(A) or (2). *See* U.S.S.G. § 2L1.2(b)(1)(A)(vii) & cmt. app. note 1(B)(I); § 1101(a)(43)(N). In this case, the offense (for which Guzman-Mata was previously convicted and for which the district court applied the sentencing enhancement) was a violation of § 1324(a)(1)(A)(ii). Therefore, the alien smuggling enhancement applies unless Guzman-Mata can show that he

falls within its limited exception. That is, a prior conviction under § 1324(a)(1)(A) will qualify as an alien smuggling offense "*except* in the case of a first offense for which the *alien has affirmatively shown* that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter[.]" *See* § 1101(a)(43)(N) (emphasis added)).[4]

At sentencing, Guzman-Mata did not argue and made no effort to show that his prior offense was a first offense that involved only members of his family.[5] In fact, Guzman-Mata raised no objections regarding the district court's adoption of the PSR and imposition of the 16-level enhancement. Given the plain language of the statute and Guzman-Mata's failure to show the applicability of the exception, it would appear that the district court did not commit plain error in imposing the enhancement under § 2L1.2(b)(1)(A)(vii).

### B.   The Family Exception is Not an Element of the Generic Alien Smuggling Offense.

[4] Guzman-Mata argues against this fairly obvious conclusion. Although the generic alien smuggling offense is defined by express cross-reference to § 1324(a)(1)(A), Guzman-Mata maintains that the district court nonetheless erred in concluding that § 1324(a)(1)(A) is categorically an alien smuggling offense under U.S.S.G. § 2L1.2(b)(1)(A)(vii). Specifically, he contends that the family caveat to the enhancement is not merely an exception, but an element of the generic alien smuggling offense. Because § 1324(a)(1)(A) criminalizes

---

[4]The enhancement's exception for first offenses involving "the alien's spouse, child, or parent (and no other individual)" is referred to herein as the "family exception."

[5]On appeal, Guzman-Mata also does not contend that his prior conviction, under 8 U.S.C. § 1324(a)(1)(A), was an offense committed to help a spouse, parent, or child (and no one else).

alien smuggling regardless of whether it is a first offense involving a spouse, parent, or child, Guzman-Mata argues that the statute is too broad to categorically be an alien smuggling offense (i.e. the generic offense contains an element that § 1324(a)(1)(A) does not). We disagree.

**[5]** To address Guzman-Mata's argument, we must decide whether the family exception is an element of the generic alien smuggling offense. Guided by the Supreme Court's recent decision in *Nijhawan v. Holder*, ___ U.S. ___, 129 S. Ct. 2294 (2009), we conclude that the family exception is not an element of the generic offense, but "refers to the particular circumstances in which [the defendant] committed [an alien smuggling offense] on a particular occasion." *See Nijhawan*, 129 S. Ct. at 2298, 2300-01.[6]

In *Nijhawan*, the Supreme Court held that the $10,000 monetary loss requirement for generic aggravated felony offenses involving fraud or deceit was not an element of the generic fraud or deceit crime, but referred "to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion." *Nijhawan*, 129 S. Ct. at 2298. At issue in *Nijhawan* was the immigration law that provides that any "alien who is convicted of an *aggravated felony* at any time after admission is deportable." *Id.* at 2297 (emphasis in original) (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)). The definition of "aggravated felony" included " 'an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.' " *Id.* (quoting § 1101(a)(43)(M)(i)). Nijhawan was convicted of conspiracy to commit mail fraud, wire fraud, bank fraud, and money laundering, in violation of 18 U.S.C. §§ 371, 1341, 1343, 1344, and 1956(h). *Id.* Although none of

---

[6]The Supreme Court's holding in *Nijhawan* abrogates, in part, our prior decisions in *Kawashima v. Mukasey*, 530 F.3d 1111 (9th Cir. 2008) and *Chang v. INS*, 307 F.3d 1185 (9th Cir. 2002). Therefore, Guzman-Mata's reliance on these cases is of no value.

the statutes underlying the fraud conviction required any finding of a particular amount of victim loss, the petitioner stipulated (at sentencing) that the loss exceeded $100 million. *Id.*

In the immigration proceedings that followed, the Government claimed that the prior fraud conviction fell within the definition of "aggravated felony," and therefore, the petitioner was deportable. *Id.* The petitioner argued that (1) the $10,000 monetary loss requirement was an element of the generic fraud offense constituting an aggravated felony, (2) the statutes under which he was previously convicted did not require a finding of loss in excess of $10,000, and therefore (3) his prior conviction was not categorically an aggravated felony permitting his deportation. *See generally id.*

Rejecting the petitioner's contention, the Court reasoned that there are two ways to interpret statutory language in § 1101(a)(43) defining an aggravated felony (such as the $10,000 monetary loss requirement of § 1101(a)(43)(M)(i)). *Id.* at 2298-99. The first, which the Court called "categorical," refers to the generic crime (and its elements). *Id.* The second, which the Court called "circumstance-specific," "refer[s] to the specific way in which an offender committed the crime on a specific occasion." *Id.* The Court stated that the "language of the [$10,000 monetary loss] provision is consistent with a circumstance-specific approach, explaining that the words used to describe the monetary loss requirement "refer[red] to the conduct involved in the commission of the offense of conviction, rather than to the elements of the offense." *Id.* at 2301 (internal quotations and emphasis omitted).

In reaching this conclusion (and relevant to the present case), the Supreme Court highlighted the language of § 1101(a)(43)(N) & (P) to illustrate the point that the "aggravated felony" statute "lists certain other 'offenses' using language that almost certainly does not refer to the generic crimes but refers to specific circumstances." *Id.* at 2300. As its primary example of statutory language that does not refer

to an element of the generic offense, the Court considered the exact language of the family exception at issue here: "except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter." *See id.* at 2300 (alterations removed) (quoting § 1101(a)(43)(P) and citing § 1101(a)(43)(N)). The Court concluded:

> The . . . exception cannot possibly refer to a generic crime. That is because there is no such generic crime; there is no criminal statute that contains any such exception. Thus if the provision is to have any meaning at all, the exception must refer to the particular circumstances in which an offender committed the crime on a particular occasion.

*Id.* at 2300-01 (referring to § 1101(a)(43)(P) and also citing § 1101(a)(43)(N)).

**[6]** Indeed, if we construed the family exception categorically as an element of the generic offense, the alien smuggling enhancement would have no meaningful application. That is, the enhancement applies only for a prior conviction of violating § 1324(a)(1)(A) or (2). Yet, none of the offenses described in § 1324(a)(1)(A) or (2) contains any qualifying language that would exclude a first offense involving only a spouse, parent or child. Thus, to hold that the family exception should be read as an element of the generic alien smuggling offense would be to read the alien smuggling enhancement into nonexistence. We conclude, therefore, that the family exception of § 1101(a)(43)(N) is not an element of the generic alien smuggling offense, and therefore need not be applied categorically. Because the generic alien smuggling offense is defined as a violation of § 1324(a)(1)(A) (the very statute for which Guzman-Mata was previously convicted), we hold that § 1324(a)(1)(A) is categorically an alien smug-

gling offense under *Taylor v. United States*, 495 U.S. 575 (1990). Therefore, the district court did not plainly err in this regard.

**II.　The Government Bears the Burden of Proving the Applicability of the Alien Smuggling Enhancement, But Guzman-Mata Was Required to Affirmatively Show that He Fell Within the Family Exception.**

　**A.　The Plain Language of the Guideline Required Guzman-Mata to Show that the Family Exception Applied.**

We reject Guzman-Mata's contention that the alien smuggling enhancement must be construed to require the Government to prove that a family exception *does not* apply. The Fifth Circuit rejected the same arguments Guzman-Mata now makes in *United States v. Rabanal*, 508 F.3d 741 (5th Cir. 2007). In *Rabanal*, the defendants similarly challenged a sixteen level enhancement under U.S.S.G. § 2L1.2, for their prior convictions under § 1324(a)(1)(A). *Id.* at 743. The defendants argued that the government failed to prove that their prior offenses involved aliens other than family, arguing "that the Government, as the proponent of the sentencing enhancement, has the burden of identifying the aliens previously transported in order to prove the prior convictions were for alien smuggling offenses." *Id.* In rejecting this argument, the Fifth Circuit concluded:

> The factual predicate the Government must establish for a sentence enhancement under § 2L1.2(b)(1)(A)(vii) and the cross-reference to § 1101(a)(43)(N) is a prior conviction for an offense under 8 U.S.C. § 1324(a)(1)(A) or (2). The burden is on the defendant to 'affirmatively show [ ]' that the prior offense was a first offense involving only qualifying family members.

*Id.* at 743. We agree with the Fifth Circuit.

"The government bears the burden of proving, by a preponderance of the evidence, the facts necessary to enhance a defendant's offense level under the Guidelines." *United States v. Burnett*, 16 F.3d 358, 361 (9th Cir. 1994) (citation omitted); *see also Ameline*, 409 F.3d at 1085-86. The Government meets this initial burden of proving that the alien smuggling enhancement applies by showing the defendant has a prior conviction under § 1324(a)(1)(A). *See* U.S.S.G. § 2L1.2(b)(1)(A)(vii) & cmt. app. note 1(B)(I); § 1101(a)(43)(N); *United States v. Allen*, 434 F.3d 1166, 1173 (9th Cir. 2006) ("[T]he burden of proof falls on the party seeking to adjust the offense level.") (citation omitted). Here, there is no dispute that the Government proved that Guzman-Mata was previously convicted of violating 8 U.S.C. § 1324(a)(1)(A).[7]

**[7]** Guzman-Mata correctly states that the Government did not prove that the family exception did not apply. However, to avoid the enhancement, the Guideline unquestionably requires the defendant (not the Government) to affirmatively show that the family exception applies. *See* § 1101(a)(43)(N). The Government "need not negative the matter of an exception made by a proviso or other distinct clause." *United States v. Gravenmeir*, 121 F.3d 526, 528 (9th Cir. 1997). Further, "a defendant who relies upon an exception to a statute made by a proviso or distinct clause, whether in the same section of the

---

[7]The uncontroverted PSR reported the conviction and Guzman-Mata made no objection. The district court was entitled to rely on the unchallenged PSR at sentencing to find that the facts underlying the sentence enhancement have been established. *United States v. Romero-Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000) (citing *United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998)). Furthermore, a PSR that specifies the statute of conviction is sufficient to satisfy the government's burden of proving a sentence enhancement. *Romero-Rendon*, 220 F.3d at 1164 (if an uncontroverted PSR specifies the statute of conviction, additional evidence is not necessary).

statute or elsewhere, has the burden of establishing and show-
ing that he comes within the exception." *See United States v.
Freter*, 31 F.3d 783, 788 (9th Cir. 1994) (internal citations
and quotation marks omitted).

**[8]** In this case, the family exception to the alien smuggling
enhancement is made by a distinct clause in § 1101(a)(43)(N).
The Guideline unequivocally creates an exception and, there-
fore, the defendant bears the burden of showing that he comes
within it. Given the additional statutory language requiring
the defendant to "affirmatively show" that his prior offense
was committed only to help family, we have no doubt that the
burden rested on Guzman-Mata to prove that the family
exception applied to his case—a burden he did not make any
attempt to meet.

### B.   The Family Exception Does Not Impermissibly Shift the Burden of Proof.

We also reject Guzman-Mata's argument that the family
exception impermissibly shifts the burden of proof on the
applicability of the alien smuggling enhancement. We reiter-
ate the general rule that "the burden of proof falls on the party
seeking to adjust the offense level." *See Allen*, 434 F.3d at
1173. However, "[t]he burden of proof includes both the bur-
den of persuasion and the burden of production." *Black's Law
Dictionary* 209 (8th ed. 2004). In *Freter*, with regard to the
crime of conviction, when we held that the defendant gener-
ally bears the burden to prove an affirmative defense, we clar-
ified:

> [W]e do not intend to imply that the government's
> ultimate burden of proving . . . every fact necessary
> to constitute the offense is altered. Instead, we hold
> only that if the defendant wishes to rely on this
> exception, he has the initial burden of going forward
> with sufficient evidence to raise the exception as an
> issue. Once the defendant has satisfied his burden of

> production with respect to the affirmative defense,
> the prosecution must prove the inapplicability of the
> defense . . . .

*Freter*, 31 F.3d at 789 n.6 (citations omitted). We find no reason why the rule should be stricter in the sentencing context. Thus, the government has the initial burden of production and ultimate burden of persuasion, but once it makes a prima facie case, the burden of production shifts to the defendant for any adjustment he is seeking. *See also United States v. Bruce*, 394 F.3d 1215, 1222-23 (9th Cir. 2005) (discussing the burden of proof, persuasion, and production in a criminal prosecution where the defendant asserted "Indian status" as a defense to an alleged crime governed by 18 U.S.C. § 1152). We therefore hold that, to satisfy the burden of production on a sentencing adjustment he is seeking, a defendant must "come forward with enough evidence . . . to permit a fact-finder to decide the issue in her favor." *Id.* at 1223. After a defendant meets this burden, "the government retains the ultimate burden of persuasion . . . to persuade the trier of fact of the truth of the proposition . . . that the exception she claims is inapplicable." *See id.* at 1223 (internal citations and quotation marks omitted).

In this case, for the enhancement to apply, the government had to make a prima facie case that the defendant had a prior alien smuggling offense as defined by § 1324(a)(1)(A). It did this by presenting the uncontroverted PSR showing that Guzman-Mata was convicted of § 1324(a)(1)(A)(ii). *See Romero-Rendon*, 220 F.3d at 1164 (uncontroverted PSR stating the statute of conviction requires no further evidence). The statute then shifts the burden of production to the defendant to offer evidence that the exception applies. § 1101(a)(43)(N). If the defendant satisfies his burden of production (which Guzman-Mata made no attempt to do in this case), the government retains the ultimate burden of persuasion and must then prove that the exception is inapplicable. Thus, although the family exception expressly requires the

defendant to affirmatively show that he comes within its bounds, it cannot be said that this requirement impermissibly shifts the "burden of proof" regarding the applicability of the alien smuggling enhancement.

Our decision in *Allen* is distinguishable from the present case. In that case, the defendant pleaded guilty to a counterfeiting offense and received an enhancement (under U.S.S.G. § 2B5.1(b)(2)(A)) for having "manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting." 434 F.3d at 1168-69. Note 4 to § 2B5.1(b)(2)(A) states that the enhancement "does not apply to persons who produce items that are so obviously counterfeit that they are unlikely to be accepted even if subjected to only minimal scrutiny." *Id.* at 1170 (quoting U.S.S.G. § 2B5.1 cmt. n.4) (internal quotation marks omitted). The defendant argued that the government failed to prove that the items were *not* obviously counterfeit. We rejected the government's counter argument that Note 4 created an exception to the enhancement for which the defendant bore the burden of proof. We reasoned that the provision stating that the enhancement "does not apply to transparently counterfeit currency [is] the equivalent of stating that the subsection applies only to notes that could be taken as real." *Id.* at 1174 (internal quotation marks omitted). We concluded, "As the defendant bears no burden to establish that circumstances exist in which [the enhancement] does apply, he bears no burden to demonstrate that the counterfeiting devices and materials he possessed produced or could produce realistic counterfeits." *Id.* at 1174.

We do not read our decision in *Allen* to require the Government to prove the negative of an express exception to an otherwise applicable sentencing enhancement. The specific language in the notes to U.S.S.G. § 2B5.1(b)(2)(A) controlled the outcome in *Allen*. Unlike the present case, the notes at issue in *Allen* did not clearly create an exception, but rather

clarified the scope of the predicate facts the Government must establish to show the enhancement's applicability. *See Allen*, 434 F.3d at 1174; U.S.S.G. § 2B5.1 cmt. n. 4. Not only does the Guideline addressed in *Allen* not create an express exception, it also did not ascribe any affirmative duty to the defendant to show that he qualified for the exception. In stark contrast, the Guideline in the present case clearly creates an exception and expressly places the burden squarely on the defendant to show that the exception applies.

Guzman-Mata also argues that *Taylor* prohibits him from presenting "extra-record facts" to prove that he falls within the family exception, but that he nonetheless met his burden of proof on the applicability of the family exception if the record of conviction is inconclusive (as to facts supporting the applicability of the exception) (citing *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1131-32 (9th Cir. 2007)). This argument is without merit. First, it incorrectly presumes that the statute under which Guzman-Mata was previously convicted (§ 1324(a)(1)(A)) is too broad to categorically be an alien smuggling offense under the Guideline. As we held above, Guzman-Mata's statute of prior conviction is, in fact, the generic alien smuggling offense. Therefore, the *Taylor* bar to inquiry into the underlying facts of a prior conviction simply has no application.

Second, as we held earlier, the alien smuggling enhancement expressly permits inquiry into the defendant's prior conduct (as opposed to defining the applicability of the enhancement purely "in terms of offenses and their elements"). *See United States v. Martinez-Candejas*, 347 F.3d 853, 859 (10th Cir. 2003) (concluding that the *Taylor* categorical approach is not applicable to enhancements based on prior alien smuggling offenses which the defendant could negate by showing he smuggled only family members)). That is, the Guideline permits a defendant to avoid the enhancement by affirmatively showing that his prior *conduct* mitigates the seriousness of his prior conviction. In this case,

Guzman-Mata was both entitled and required to introduce evidence to support any contention that he qualified for the family exception.

Third (and most important on plain error review), Guzman-Mata's argument ignores the fact that he (1) made no objection to the alien smuggling enhancement at sentencing, (2) did not argue that his prior conduct made the exception applicable, and (3) presented no evidence that his alien smuggling offense was committed to help only members of his family. Where Guzman-Mata's record of conviction is conclusive as to the fact that he was previously convicted for violating § 1324(a)(1)(A), it cannot be said that the district court committed plain error.

## CONCLUSION

[9] Guzman-Mata's prior conviction under § 1324(a)(1)(A)(ii) is an alien smuggling offense as defined under the relevant Guideline. *See* U.S.S.G. § 2L1.2(b)(1)(A)(vii) & cmt. app. note 1(B)(I); § 1101(a)(43)(N). The family exception to the enhancement is not an element of the generic alien smuggling offense, but is an affirmative defense that turns on the specific circumstances in which the prior offense was committed. Guzman-Mata had the burden of showing that the exception applied, but he (1) failed to object to the enhancement, (2) made no argument that he fell within the family exception, and (3) presented no evidence that the exception applied. Accordingly, we conclude that the district court did not err (let alone commit plain error) in imposing the 16-level enhancement.

**AFFIRMED.**