**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30286 |
| Plaintiff - Appellee, | D.C. No. CR-08-05603-TSZ |
| v. | |
| JESUS VALENCIA-REUVELTA | MEMORANDUM [*] |
| Defendant - Appellant, | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted May 7, 2010
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and GOULD, Circuit Judges, and WARE[**], District Judge.

Jesus Valencia-Reuvelta appeals his February 12, 2009 conviction by jury verdict of possession of marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2, and possession of a firearm by an illegal alien, 18 U.S.C. §§ 922(g)(5), 924(a)(2). On appeal, Valencia contends (1) that he did not voluntarily give consent to four law enforcement officers to search a residence at 23917 Northwest Maplecrest Road ("the Maplecrest Residence"), and that even if he had voluntarily given consent, the officers' search exceeded the reasonable scope of that consent; (2) that the district court erred when it declined to clarify, upon the jury's request, the meaning of the word "intention" in the district court's instruction on possession; and (3) that the district court committed procedural error when it enhanced Valencia's Guidelines offense level by two levels since the jury's verdict only addressed one of four firearms found in the Maplecrest Residence.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 18 U.S.C. § 3742. We affirm the conviction, vacate the sentence, and remand to the district court to recalculate the sentence without the enhancement for possession of multiple firearms.

---

[**] The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

A.    Voluntary Consent to Search of the Residence

We review the district court's denial of a motion to suppress de novo, *United States v. McWeeney*, 454 F.3d 1030, 1033 (9th Cir. 2006), and the district court's underlying factual finding that a person voluntarily consented to search for clear error, *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004). Although a warrantless search conducted pursuant to valid consent is constitutionally permissible, the government bears the burden of proving that such consent was given freely and voluntarily. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). We apply a multi-factor fact-intensive test to determine whether a person has given free and voluntary consent to conduct a search and do not place dispositive weight on any single criterion. *United States v. Perez-Lopez*, 348 F.3d 839, 846 (9th Cir. 2003); *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000).

Here, the district court credited the testimony of two agents that Valencia responded affirmatively when asked in his native language whether he consented to a search of the Maplecrest Residence. The district court also relied on evidence that the agents had not used other coercive tactics, such as drawing their guns or threatening to obtain a search warrant. Further evidence demonstrated that, after receiving *Miranda* warnings in his native language, Valencia verbally consented to

3

continue the search after guns and marijuana were found, although he declined to

sign a written consent form. Because there was persuasive evidence supporting a

finding of voluntary consent, we affirm the district court's denial of the motion to

suppress evidence gleaned from the search of the Maplecrest Residence.[1]

> B. Failure to Give Clarifying Jury Instruction

We review a district court's response to a jury question for abuse of

discretion. *Arizona v. Johnson*, 351 F.3d 988, 993 (9th Cir. 2003). We have held

that "when a jury makes explicit its difficulties by, for example, asking a question,

the trial court should clear the jury's difficulties away with concrete accuracy." *Id.*

at 994. However, "the precise manner by which the court fulfills this obligation is

a matter committed to its discretion." *Id.* A district court does not abuse its

discretion simply because it refers the jury back to the instructions they had already

been given. *Id.* at 995.

---

[1] Valencia contends that the search exceeded the scope of any consent he may have given. However, Valencia did not challenge the scope of the search at trial, except in a passing reference contained in a listing of the elements of a valid consensual search. We have held on multiple occasions that "just as failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress." *E.g.*, *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002). Thus, we conclude that Valencia has waived any challenge to the validity of the scope of the search.

Here, the jury's request for clarification of the word "intention" in the court's instruction on possession did not indicate any actual misunderstanding of the elements necessary to convict Valencia. Because the word intention was meant to carry its ordinary meaning, any danger that the jury would fail to correctly interpret the term was negligible. For that reason, Valencia's proposal to provide the jury with a definition of intent taken from Washington Criminal Instruction 10.01 would not have clarified the original instruction but rather would have added new and incorrect elements to the possession charge, further confusing the jury.

Thus, we conclude that the district court did not abuse its discretion when it declined to further clarify the meaning of the word intention in response to the jury's request.

C.    Sentence Enhancement for Multiple Firearms

We review "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008). "The government bears the burden of proving, by a preponderance of the evidence, the facts necessary to enhance a defendant's offense level under the Guidelines." *United States v. Guzman-Mata*, 579 F.3d 1065, 1072 (9th Cir. 2009).

5

The Guidelines provide that if an offense involved between three and seven firearms, a two-level increase in the offense level is appropriate. U.S.S.G. § 2K2.1(b)(1)(A). The Application Note to Section 2K2.1(b)(1) states: "For purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed . . . ."

Here, the jury based its verdict on Valencia's possession of only one firearm, a .380 semi-automatic handgun. Evidence at trial showed that three additional firearms were found in the search of the Maplecrest Residence: a .9mm handgun and a 12-gauge shotgun in the converted attic bedroom, and a .22 caliber rifle in the garage. However, the evidence strongly indicated that several other individuals were living in the same residence. In fact, the passport, social security card, and temporary driver's license of a person named Jairo Arevalos Silva were found in a black duffel bag in the converted attic bedroom close to the .9mm handgun. The agents also discovered that Mr. Silva was the owner of the red pickup truck found in the garage near the .22 caliber rifle.

We hold that Valencia's mere proximity to the additional firearms and his presence on the property where they were found is insufficient to establish constructive possession. *See United States v. Carrasco*, 257 F.3d 1045, 1049 (9th

6

Cir. 2001). Valencia's claim of an ownership interest in the red pickup truck, which could conceivably connect him to the .22 caliber rifle found in the garage, can only support a finding of possession of one additional firearm, which falls short of the three firearms needed to add the two-level increase under the Sentencing Guidelines.

In light of the paucity of the evidence, we conclude that the district court clearly erred by finding that Valencia exercised dominion or control over the three additional firearms and thus abused its discretion by adding a sentence enhancement under Section 2K2.1(b)(1)(A). Accordingly, we vacate Valencia's sentence and remand to the district court to recalculate the sentence without the two-level increase.

**CONVICTION AFFIRMED. SENTENCE VACATED. REMANDED FOR RESENTENCING.**