FILED

OCT 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT JUNIOR DEHANEY,

Defendant - Appellant.

No. 10-50518

D.C. No. CR 09-1056-DSF

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and SESSIONS, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable William K. Sessions III, District Judge, United States
District Court for the District of Vermont, sitting by designation.

Robert Junior Dehaney appeals his jury conviction and sentence for use of a fraudulently obtained passport in violation of 18 U.S.C. § 1542, and aggravated identity theft in violation of 18 U.S.C. § 1028A.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.    *Read-back of Trial Testimony*

Because Dehaney did not request a read-back instruction, we review for plain error his claim that the district court failed to admonish the jury not to accord undue weight to read-back testimony.  *United States v. Stinson*, 647 F.3d 1196, 1217 (9th Cir. 2011).  Any error in failing to give the admonition we set forth in *United States v. Newhoff*, 627 F.3d 1163, 1168 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1838 (2011), did not affect Dehaney's substantial rights.  The jury heard read-back testimony on the issue about which they inquired from both prosecution and defense witnesses, including direct and cross-examination, in open court, with counsel and the defendant present.  Dehaney was not prejudiced by the failure to give a cautionary instruction regarding read-back testimony.

2.    *Imposition of a Four-Level Enhancement Under U.S.S.G. § 2L2.2(b)(3)(A)*

At sentencing, pursuant to U.S. Sentencing Guidelines Manual § 2L2.2(b)(3)(A) (2009) ("U.S.S.G."), the district court applied a four-level increase to Dehaney's base offense level of eight for fraudulently obtaining or using a

United States passport. Dehaney did not object to this calculation, and we review his double-counting claim for clear error. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009).

U.S.S.G. § 2L2.2 is the guideline applicable to Dehaney's fraudulent passport conviction. U.S.S.G. § 2B1.6, the guideline applicable to aggravated identity theft, provides that the Guidelines sentence is the consecutive two-year term of imprisonment required by 18 U.S.C. § 1028A. If a sentence under § 2B1.6 is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic "for the transfer, possession, or use of a means of identification" should not apply when determining the sentence for the underlying offense. U.S.S.G. § 2B1.6 cmt. n.2.

A violation of 18 U.S.C. § 1542 is an underlying offense of 18 U.S.C. § 1028A. *See* 18 U.S.C. §§ 1028A(a)(1), (c)(7). "Means of identification" has the meaning given the term in 18 U.S.C. § 1028(d)(7). U.S.S.G. § 2B1.6 cmt. n.2. Because a United States passport is not a "means of identification," as defined in the statute, *see United States v. Melendrez*, 389 F.3d 829, 833-34 (9th Cir. 2004) (distinguishing between "means of identification" and "identification documents" as defined in § 1028), the § 2B1.6 exception does not apply. Imposition of the §

3

2L2.2(b)(3)(A) enhancement to Dehaney's base offense level for fraudulent use of a passport was not error.

*3.      Obstruction of Justice*

The district court found that Dehaney willfully gave false testimony under oath when he denied knowing that the identity and means of identification that he was using belonged to a real person.  It imposed a two-level upward adjustment to his offense level pursuant to U.S.S.G. § 3C1.1, which applies "[i]f (A) the defendant willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . ." U.S.S.G. § 3C1.1.

Dehaney's testimony was relevant to the prosecution and sentencing of the fraudulent passport count, and it related to the closely related offense of aggravated theft identify, therefore satisfying subsections (A) and (B) of § 3C1.1.  The district court correctly interpreted § 3C1.1 to permit an obstruction of justice enhancement. *See United States v. Verdin*, 243 F.3d 1174, 1180 (9th Cir. 2001) (on de novo review, rejecting claim that subsection B confined § 3C1.1 to obstructive conduct directly related to the offense of conviction).  Moreover, the district court's factual

4

finding that Dehaney's trial testimony was willfully false on a material matter was not clear error. *See United States v. Harrison*, 585 F.3d 1155, 1161 (9th Cir. 2009) (citing *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008)).

4.     *Acceptance of Responsibility*

The district court declined to award Dehaney a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. "Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, cmt. n.4. Dehaney has not shown that his case is extraordinary. Moreover, the district court also specifically found Dehaney's statements of remorse to be unconvincing, and that he did not admit relevant conduct of other uses of the false identity. The court did not clearly err. *See United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010).

**AFFIRMED**.