**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10068 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-01208-FRZ-HCE-1 |
| v. | |
| JOSE PAUL GASTELLUM-CHAVEZ, AKA Juan Chavez-Rodriguez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted July 16, 2012[**]
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and SETTLE, District Judge.[***]

Jose Gastellum-Chavez appeals from the 156-month sentence imposed by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

the district court following his guilty plea to one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(vii), and two counts of possession with intent to distribute 1,000 kilograms or more of marijuana and aiding and abetting in such offenses, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gastellum-Chavez contends that the district court plainly erred by relying on the drug quantities attributed to the conspiracy in the Presentence Investigation Report ("PSR") to calculate the base offense level under U.S.S.G. § 2D1.1(c)(2). During the plea colloquy, Gastellum-Chavez admitted that the offenses to which he pleaded guilty involved 1,000 kilograms or more of marijuana. His admissions were sufficient for purposes of establishing the statutory maximum sentence of life imprisonment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* 21 U.S.C. § 841(b)(1)(A)(vii). In determining the advisory sentencing guidelines range, the district court properly relied on the unchallenged PSR to find by a preponderance of the evidence that 12,906 kilograms of marijuana were attributed to the conspiracy. *United States v. Guzman-Mata*, 579 F.3d 1065, 1072 n.7 (9th Cir. 2009). The district court's reliance on the drug quantities included in the PSR did not violate *Apprendi* because Gastellum-Chavez's sentence was well within the

2

statutory maximum sentence of life imprisonment. *United States v. Plancarte-Alvarez*, 366 F.3d 1058, 1064–65 (9th Cir. 2004).

Gastellum-Chavez also argues that the district court plainly erred by failing to *sua sponte* grant an additional one-level reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1(b). This contention lacks merit because he pleaded guilty on the eve of trial without a plea agreement and he retained his right to appeal. *See* U.S.S.G. § 3E1.1(b) cmt. n.6 (2010) (explaining that "the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial"); *United States v. Johnson*, 581 F.3d 994, 1002 (9th Cir. 2009) (holding that "the allocation and expenditure of prosecutorial resources for the purposes of defending an appeal is a rational basis for declining to move for the third reduction point.").

**AFFIRMED.**