BERZON, Circuit Judge,
concurring in part and dissenting in part.
I concur in Section 1 of the memorandum disposition. For the reasons below, I respectfully dissent from Section 2.
A district court’s finding of fact that is “without support in inferences that may be drawn from the facts in the record” is clearly erroneous. United States v. Pineda-Doval, 692 F.3d 942, 944 (9th Cir.2012) (internal quotation marks omitted). And, where the application of an enhancement under the sentencing guidelines requires finding additional facts, the government has the burden of proving the necessary facts by a preponderance of the evidence. *572 See, e.g., United States v. Guzman-Mata, 579 F.3d 1065, 1072 (9th Cir.2009).
A district court cannot rely solely on the characterization of a factual record in a Presentence Report (“PSR”) where a defendant objects that the evidence supporting this characterization is insufficient. United States v. Flores, 725 F.3d 1028, 1040-41 (9th Cir.2013). Moreover, as “[a] merely speculative logic cannot displace the need for evidence” proving the applicability of an enhancement, “assumption or inference not based on fact” will not do. Id. at 1040 (quoting United States v. Jordan, 291 F.3d 1091, 1099 (9th Cir.2002)).
In the plea agreement, Langley stipulated that he knowingly engaged in a scheme to defraud unemployment and disability insurance programs in various states. Langley and an accomplice, N.S., created fictitious companies, falsely reported wages for fictitious employees, and filed for benefits on behalf of those employees. In the course of the scheme, Langley purchased a social security number and driver’s license with the identity “K.A.” Langley sold the K.A. identity to N.S. and helped N.S. open a bank account using the name K.A. with a different social security number, for which N.S. paid Langley.
The PSR departed from the plea agreement in recommending two additional, two-level enhancements for 1) sophisticated means and 2) unauthorized transfer or use of a means of identification to produce or obtain unlawfully another means of identification. The Guidelines’ definition of “means of identification” requires that the identification used belong to “an actual (i.e., not fictitious) individual.” U.S.S.G. § 2B1.1 cmt. 1; see also United States v. Hines, 449 F.3d 808, 816 (7th Cir.2006). The PSR did not present any facts in support of its conclusion that some of the identifications used were stolen or unauthorized. Nor was the K.A. evidence sufficient to support the unauthorized use enhancement. It proves nothing about whether K.A. even existed, much less whether or not, if she did, she acquiesced in the use of her identity. That K.A.’s information was sold to N.S. does not prove that it was not obtained from her— either for payment or not — with her authorization.
Moreover, although Langley did say at sentencing that “a lot of these identifications were compromised knowingly,” he did not say anything about the rest of them. Whatever implication there may be in what he did not say is insufficient to support the district court’s conclusion. It was the government’s burden to demonstrate by a preponderance of the evidence that there was in fact unauthorized use, and it did not do so. See Guzman-Mata, 579 F.3d at 1072. I would therefore hold that the district court erred in imposing the unauthorized use enhancement.
Accordingly, the district court erroneously began with a Guidelines range of 21-27 months when, based on the evidence presented, the correct range was actually 15-21 months. Although discretionary following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Guidelines continue to be “the starting point and initial benchmark” of any sentencing determination. Gall v. United States, 552 U.S. 38, 39, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Consequently, “sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly.” United States v. Carty, 520 F.3d 984, 991(9th Cir.2008) (en banc) (internal quotation marks omitted). An “improperly cal-eulat[ed] ... Guidelines range” is a “significant procedural error.” Gall, 552 U.S. at 51, 128 S.Ct. 586.
Here, the district court’s Sentencing Memorandum indicated that a 21-month *573 sentence was sufficient but not more than necessary to punish Langley’s conduct— conduct which included unauthorized use of a means of identification to produce another. The district court’s explanation in the Sentencing Memorandum does not indicate that, absent the misapplication of the unauthorized use enhancement, the district court would have imposed a sentence on the highest end of the then-applicable Guidelines range, offense level 14. United States v. Crawford, 185 F.3d 1024, 1029 (9th Cir.1999), held an error in calculating the defendant’s base offense level not harmless where the district court “imposed the lowest sentence possible under the range it [incorrectly] calculated ... and provided no indication that it would have selected a sentence near the top of that lower range.” Similarly here, without the error in calculation, the district court here might have determined a lower sentence to be sufficient.
Because “[a] mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires ' us to remand for resentencing,” United States v. Munoz-Camarena, 631 F.3d 1028, 1030 (9th Cir.2011) (per curiam), I respectfully dissent.