NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50321 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:18-cr-00396-JAK-1<br>2:18-cr-00396-JAK |
| ANGELA GILLESPIE-SHELTON, AKA<br>Angie, AKA Angotti, AKA Blady, AKA<br>Boss Lady, AKA Angela Gillespie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted March 9, 2022**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,*** District
Judge.

Angela Gillespie-Shelton pleaded guilty to conspiracy to distribute and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h) and received a 60-month custodial sentence. She now argues that the factual basis of her plea was insufficient, she received ineffective assistance of counsel, the district court improperly applied a role enhancement, and her sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and dismiss in part and affirm in part.

1. We generally do not exercise our jurisdiction to review a defendant's appeal if, as here, there is a valid appeal waiver. *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). An appeal waiver is enforceable if "(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by Jacobo Castillo*, 496 F.3d at 954. Gillespie-Shelton's plea agreement plainly waives the right to appeal her conviction based on an allegedly insufficient factual basis for her guilty plea. The district court reviewed the factual basis with Gillespie-Shelton and repeatedly asked her whether she understood the agreement, which includes the express waiver of appeal based on a contested factual basis. We therefore dismiss the appeal as to this claim.

2. Generally, we decline to review claims of ineffective assistance on

2

direct appeal. *Jeronimo*, 398 F.3d at 1155. This case presents neither of the two "extraordinary exceptions" to this general rule: "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* at 1156. Accordingly, we dismiss Gillespie-Shelton's ineffective assistance of counsel claim without prejudice to renewal in a post-conviction proceeding.

3.      Under United States Sentencing Guideline §3B1.1(b), a defendant's offense level increases by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." So long as "the record supports an inference that the defendant exercised the requisite degree of control," the district court need not make a particular finding on the issue. *United States v. Gadson*, 763 F.3d 1189, 1222 (9th Cir. 2014). Gillespie-Shelton did not object to the district court's imposition of the manager/supervisor enhancement below, so we review for plain error. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009). There was no error, plain or otherwise. The record—including text messages between Gillespie-Shelton and others in the conspiracy—as well as the factual basis to which Gillespie-Shelton agreed and the reasoning provided in the Presentence Report and its addendum, which the district court referenced,

3

support the application of the three-level enhancement.

4.  We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first determine whether the district court properly calculated the Guidelines range, considered the factors under 18 U.S.C. § 3553(a), relied on clearly erroneous facts, and adequately explained its sentence. *Id.* If so, and the sentence is within the Guidelines range, we apply a presumption of reasonableness. *Id.* Here, the district court properly calculated the Guidelines range, and proceeded through the § 3553(a) factors before imposing the sentence, which included a discussion of Gillespie-Shelton's husband's sentence. Accordingly, we affirm the imposition of a 60-month sentence.

**DISMISSED IN PART, AFFIRMED IN PART.**