**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RUBEN SAHAGUN-GALLEGOS, AKA
Ruben Gallegos Sahagun, AKA
Ruben Sahugun-Gallegos,
*Defendant-Appellant*.

No. 13-10095

D.C. No.
4:12-cr-01649-
DCB-DTF-1

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
March 13, 2015—San Francisco, California

Filed April 10, 2015

Before: John T. Noonan, William A. Fletcher,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the defendant pleaded guilty to illegal re-entry in violation of 8 U.S.C. § 1326.

As agreed by the parties, the panel held that remand is required because, in light of a post-sentencing amendment to the application notes to U.S.S.G. § 3E1.1, the Government improperly withheld a motion for a third-level reduction for acceptance of responsibility.

Because the issue will reoccur at resentencing, the panel addressed the applicability of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) in order to provide guidance on remand. The panel wrote that a sentencing court conducting the modified categorical approach may not, consistent with *Descamps v. United States*, 133 S. Ct. 2276 (2013), rely on a defense attorney's statement of the factual basis for a guilty plea and use the process of elimination to determine which subsection of a divisible statute the defendant pleaded guilty to violating. The panel wrote that it was therefore error for the district court to apply the enhancement on the ground that the defendant's prior conviction for aggravated assault with a deadly weapon in violation of Arizona Revised Statutes § 13-1204(A)(2) was a "crime of violence," in reliance on the defense attorney's statement of the factual basis for the guilty plea, where the documents submitted by the Government do

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not establish that the defendant pleaded guilty to the elements of A.R.S. § 13-1203(A)(2), the one subsection of the Arizona statute defining "assault" that is a match to the generic "crime of violence."

## COUNSEL

Davina T. Chen (argued), Law Office of Davina T. Chen, Glendale, California, for Defendant-Appellant.

Robert A. Fellrath (argued), Assistant United States Attorney, John S. Leonardo, United States Attorney, Robert L. Miskell, Appellate Chief, and Christina M. Cabanillas, Assistant United States Attorney, United States Attorney's Office, Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

CHRISTEN, Circuit Judge:

We consider in this case whether, consistent with *Descamps v. United States*, 133 S. Ct. 2276 (2013), a sentencing court conducting the modified categorical approach may rely on a defense attorney's statement of the factual basis for a guilty plea and use the process of elimination to determine which subsection of a divisible statute the defendant pleaded guilty to violating. We conclude that it may not, and we vacate and remand for resentencing.

**BACKGROUND**

Ruben Sahagun-Gallegos was deported to Mexico in 2006. He returned to the United States, and in 2008 he pleaded guilty in Pima County Superior Court to aggravated assault with a deadly weapon in violation of Arizona Revised Statutes (A.R.S.) § 13-1204(A)(2). Shortly after his prison term began, he was released to the custody of Immigration and Customs Enforcement, convicted of illegal re-entry in federal court, and deported.

Sahagun-Gallegos again returned to the United States. In August 2012, he was indicted in federal court for illegal re-entry in violation of 8 U.S.C. § 1326 (enhanced by 8 U.S.C. § 1326(b)(1)). He pleaded guilty to the indictment without a plea agreement.

Before sentencing, a probation officer prepared a presentence investigation report (PSR). The PSR determined Sahagun-Gallegos's base offense level under the Sentencing Guidelines was 8. The PSR recommended a 16-level enhancement based on its conclusion that Sahagun-Gallegos's aggravated assault conviction qualified as a felony "crime of violence." After a 2-level deduction for acceptance of responsibility, the PSR calculated the total offense level as 22. According to the PSR, "[t]he government indicated a motion for the third-level reduction for acceptance of responsibility will be made if the defendant waives his appeal rights."

The Government submitted three documents pertaining to Sahagun-Gallegos's aggravated assault conviction in support of the 16-level enhancement: the plea agreement, the plea hearing transcript, and the grand jury transcript. Neither

Sahagun-Gallegos nor the Government filed objections to the PSR.

At sentencing, the district court inquired whether Sahagun-Gallegos's counsel had looked carefully at the 16-level enhancement.  Counsel responded that she believed, based on the plea hearing transcript from the 2008 conviction, that Sahagun-Gallegos's aggravated assault conviction qualified as a "crime of violence" under the Sentencing Guidelines.  Counsel also stated that Sahagun-Gallegos was not waiving his appeal rights in exchange for a third-level reduction for acceptance of responsibility.

The district court accepted the PSR's Guidelines calculation.  Based on a total offense level of 22 and a criminal history category of IV, the court determined the Guidelines range was 63 to 78 months' imprisonment.  The court varied the sentence downward and imposed a sentence of 48 months' imprisonment, followed by a three-year term of supervised release.  The court explained that after serving this sentence, Sahagun-Gallegos would be deported.

Sahagun-Gallegos timely appealed his sentence, but his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and requested permission to withdraw.[1] A panel of our court conducted an independent review of the record and identified two potentially arguable issues for direct appeal: (1) whether the district court plainly erred by

---

[1] In *Anders*, the Supreme Court held: "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."  386 U.S. at 744.

applying the 16-level enhancement based on Sahagun-Gallegos's aggravated assault conviction; and (2) whether the Government improperly withheld a motion for a third-level reduction for acceptance of responsibility on the ground that Sahagun-Gallegos refused to waive his appeal rights. The panel granted the motion to withdraw, but directed that a new attorney be appointed for Sahagun-Gallegos.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Swank*, 676 F.3d 919, 921 (9th Cir. 2012). "We have previously noted an intracircuit conflict as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion." *Id.* at 921–22. We need not resolve that conflict here because, as in *Swank*, "[t]he choice of standard . . . does not affect the outcome of this case." *See id.* at 922.

## DISCUSSION

## I. Remand is required because the Government improperly withheld a motion for a third-level reduction for acceptance of responsibility.

Under § 3E1.1(a) of the Sentencing Guidelines, a defendant is entitled to have his total offense level decreased by 2 if he "clearly demonstrates acceptance of responsibility for his offense." Section 3E1.1(b) provides:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined

prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

The district court reduced Sahagun-Gallegos's offense level by 2 because he clearly demonstrated acceptance of responsibility. The PSR indicated the Government would have moved for a third-level reduction if Sahagun-Gallegos had waived his appeal rights.

While Sahagun-Gallegos's appeal was pending, the application notes to § 3E1.1 were amended to clarify that "[t]he government should not withhold [a motion for a third-level reduction] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.6 (2014). The Government acknowledges that this revision applies retroactively to defendants whose cases were pending on direct appeal, and that Sahagun-Gallegos's "sentence should be vacated and remanded so that the district court can assess whether [he] should receive a third point [for] acceptance of responsibility." We therefore vacate Sahagun-Gallegos's sentence and remand for resentencing.

## II. Applicability of the 16-level enhancement based on Sahagun-Gallegos's aggravated assault conviction.

Section 2L1.2(a) of the Sentencing Guidelines calls for a base offense level of 8 for a defendant convicted of illegal re-entry. Section 2L1.2(b) calls for a 16-level enhancement if the defendant has a prior felony conviction for "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" is defined to include "any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iii) (2014).

Sahagun-Gallegos argues his 2008 aggravated assault conviction does not qualify as a "crime of violence," but he did not make this argument before the district court. Under these circumstances, this court's review ordinarily would be for plain error. *United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Rodriguez-Lara*, 421 F.3d 932, 948 (9th Cir. 2005)).[2] But because we vacate Sahagun-Gallegos's sentence for the reasons discussed in the previous section, and because the applicability of the 16-level enhancement is an issue that will reoccur at resentencing, we address the applicability of the enhancement in order to provide guidance to the district court on remand.

---

[2] If a court finds plain error it "may only reverse if the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Guzman-Mata*, 579 F.3d at 1068 (quoting *Rodriguez-Lara*, 421 F.3d at 948–49).

### A. The statute of conviction is overbroad and divisible.

We employ the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a prior state court conviction qualifies as a "crime of violence" under the Sentencing Guidelines. Under the *Taylor* framework, we determine whether the statute of conviction is categorically a "crime of violence" by comparing the elements of the statute of conviction with the generic federal definition. *United States v. Caceres-Olla*, 738 F.3d 1051, 1054 (9th Cir. 2013). If the statute of conviction is broader than the generic federal definition, we must determine whether the statute of conviction is divisible. *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014). A divisible statute is one that "'comprises multiple, alternative versions of the crime,' at least one of which 'correspond[s] to the generic offense.'" *Id.* (alteration in original) (quoting *Descamps*, 133 S. Ct. at 2284–85).

If the statute of conviction is divisible, then under the "modified categorical approach" we may examine a limited class of judicially noticeable documents to determine whether the alternative corresponding to the generic offense was the basis of the conviction. *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1241 (9th Cir. 2014). When a defendant's conviction was based on a guilty plea, such documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). The documents must show that the defendant "necessarily admitted [the] elements of the generic offense." *Id.* at 26; *see*

*also United States v. Marcia-Acosta*, No. 13-10475, — F.3d —, 2015 WL 1283771, at *4–5 (9th Cir. Mar. 23, 2015).

In this case, Sahagun-Gallegos was convicted of violating A.R.S. § 13-1204(A)(2). A.R.S. § 13-1204(A)(2) provides: "A person commits aggravated assault if the person commits assault as prescribed by § 13-1203" and "the person uses a deadly weapon or dangerous instrument." A.R.S. § 13-1203(A) defines "assault" as follows:

> A person commits assault by:
>
> 1. Intentionally, knowingly or recklessly causing any physical injury to another person; or
>
> 2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or
>
> 3. Knowingly touching another person with the intent to injure, insult or provoke such person.

The parties agree that A.R.S. § 13-1203(A) is overbroad because the definition of "assault" in subsection (1) encompasses acts done with ordinary recklessness, whereas a "crime of violence" requires a mens rea of at least heightened recklessness. *See United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012). The parties also agree that A.R.S. § 13-1203(A) is divisible. *See United States v. Cabrera-Perez*, 751 F.3d 1000, 1004–05 (9th Cir.

2014).**³**  Finally, the parties agree that, under *Cabrera-Perez*, an aggravated assault predicated on A.R.S. § 13-1203(A)(2) is a "crime of violence," specifically, an offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another."**⁴**

### B. The documents submitted by the Government in support of the 16-level enhancement do not show that Sahagun-Gallegos admitted the elements of A.R.S. § 13-1203(A)(2).

The parties dispute whether the three documents submitted by the Government in support of the 16-level enhancement are sufficient to establish that Sahagun-Gallegos pleaded guilty to aggravated assault predicated on A.R.S. § 13-1203(A)(2), as opposed to A.R.S. § 13-1203(A)(1) or (3).

---

**³** After *Cabrera-Perez* was decided, our court clarified that under the Supreme Court's decision in *Descamps*, courts "determine whether a disjunctively worded state statute is divisible or not by looking to whether the state treats the parts of the statute on opposite sides of the 'or' as alternative elements or alternative means." *Rendon v. Holder*, 764 F.3d 1077, 1088 (9th Cir. 2014). Arizona treats the subsections of A.R.S. § 13-1203(A) as three different crimes, each comprised of different elements. *See State v. Freeney*, 219 P.3d 1039, 1042 (Ariz. 2009) (en banc); *State v. Delgado*, 303 P.3d 76, 82–83 (Ariz. Ct. App. 2013).

**⁴** At oral argument, the Government argued that A.R.S. § 13-1203(A)(2) is a general intent crime, and therefore it is sufficient for a conviction that a defendant intended to point the weapon, as opposed to "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." *See* Ariz. Rev. Stat. § 13-1203(A)(2). This argument was not included in the Government's briefing, but Sahagun-Gallegos's attorney correctly responded that if A.R.S. § 13-1203(A)(2) were a general intent crime, application of the enhancement would fail because the statute would be overbroad.

The plea agreement provides that on or about November 1, 2007, Sahagun-Gallegos committed assault with a firearm, in violation of A.R.S. § 13-1204(A)(2) (the aggravated assault statute). It does not specify which subsection of A.R.S. § 13-1203(A) was violated.

At the 2008 state court change of plea hearing, Sahagun-Gallegos confirmed that he was pleading guilty to "aggravated assault, a class 3 felony." The superior court then asked Sahagun-Gallegos's attorney to provide a factual basis for the plea, and Sahagun-Gallegos's attorney responded:

> Around this time period Mr. Sahagun was having marital problems with his wife and began drinking heavily. And around November 1st of last year here in Pima County he was going through the drive-thru of a fast-food restaurant and had during his drunken state pointed a gun at the lady who was the cashier who was present. . . . And that was the basis of the [aggravated assault count].

Sahagun-Gallegos's attorney also agreed that the superior court could consider the grand jury transcript as part of the factual basis for the plea.[5]

---

[5] In his briefing before this court, Sahagun-Gallegos notes that "the [2008] plea agreement incorporated the grand jury transcript within the factual basis." He does not contest whether the 2008 grand jury transcript is *Shepard* compliant.

At the grand jury proceeding, a Tucson police detective testified that Sahagun-Gallegos admitted in an interview to pulling his car up to the drive-through window of a Jack In The Box restaurant and pointing a sawed-off shotgun at the employee working there.

None of the three documents submitted by the Government cites a specific subsection of A.R.S. § 13-1203(A) or quotes the elements of a specific subsection. The Government suggests the court may examine the factual basis provided by Sahagun-Gallegos's attorney at the change of plea hearing and use the process of elimination to deduce that Sahagun-Gallegos pleaded guilty to A.R.S. § 13-1203(A)(2). More specifically, the Government argues the factual basis does not support a conviction under A.R.S. § 13-1203(A)(1) or (3) because those types of assault require physical injury or touching—i.e., conduct that was not part of the factual basis provided by Sahagun-Gallegos's attorney.

We reject the Government's argument for two reasons. First, both this court and the Supreme Court have held that the factual basis for a plea must be assented to by the defendant for a sentencing court to rely on it when conducting the modified categorical approach, *see Shepard*, 544 U.S. at 26; *Alvarado*, 759 F.3d at 1132, and there is no indication in the plea hearing transcript that Sahagun-Gallegos assented to the factual basis provided by his attorney, much less to the police detective's grand jury testimony.

Second, even if Sahagun-Gallegos had assented to the factual basis provided by his attorney, the Supreme Court emphasized in *Descamps* that the modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime."

133 S. Ct. at 2285; *see also Marcia-Acosta*, 2015 WL 1283771, at *4 ("Consideration of only the elements of the crime of conviction is the pivotal concept in applying the modified categorical analysis." (internal quotation marks omitted)).    When conducting the modified categorical approach, we may not examine a transcript "to try to discern what . . . a plea proceeding revealed[] about the defendant's underlying conduct." *Descamps*, 133 S. Ct. at 2288.  Rather, we are limited to assessing whether the defendant "'necessarily admitted'" the elements of the particular statutory alternative that is a categorical match to the generic federal offense.  *See id.* at 2284 (quoting *Shepard*, 544 U.S. at 26).

Here, the documents submitted by the Government do not demonstrate that Sahagun-Gallegos admitted the elements of A.R.S. § 13-1203(A)(2), most notably the "intent" element. The Government argues this does not matter because Sahagun-Gallegos's conduct, as detailed by his attorney, "could *only* have violated § 13-1203(A)(2), which, in turn, *required* intentional conduct."    But the Government's argument asks us to adopt an approach that *Descamps* expressly forbids, namely, to "discover what [Sahagun-Gallegos] actually did," and then use the facts, as opposed to the elements, of his prior conviction to determine whether he committed a "crime of violence." *See id.* at 2287–88.

The fact-based inquiry advocated by the Government is particularly inappropriate in the plea bargaining context. *Descamps* cautioned that statements of fact made during a change of plea hearing may be "downright wrong" because a defendant "often has little incentive to contest facts that are not elements of the charged offense." *Id.* at 2289.  "[W]hen a defendant pleads guilty to a crime, he waives his right to a

jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment."  *Id.* at 2288.  We recently reiterated these principles in *Marcia-Acosta*, and held that a defense attorney's factual-basis statement that the defendant acted "intentionally" in violating A.R.S. § 13-1203(A)(1) was insufficient to show that the defendant pleaded guilty to the mens rea element of generic aggravated assault.  2015 WL 1283771, at *5–6, 9.**[6]**

---

**[6]** In *Marcia-Acosta*, the parties agreed the defendant was convicted of violating A.R.S. § 13-1203(A)(1), which prohibits intentionally, knowingly, or recklessly causing physical injury.  Because the defendant waived any argument that A.R.S. § 13-1203(A)(1) is not divisible, we analyzed that subsection under the modified categorical approach.  2015 WL 1283771, at *4.  We observed that the defense attorney's statement that the defendant acted intentionally was extraneous to the conviction. *Id.* at *6.  We also indicated that there may be circumstances in which a factual-basis statement "negates all possible statutory alternatives" and is therefore sufficient to establish that a defendant pleaded guilty to the generic crime.  *Id.* at *9 & n.10.  As an example, we hypothesized a situation in which "a defendant pleading guilty to burglary stated, as part of his factual basis, that he 'entered a house, not a boat.'"  *Id.* at *9 n.10.

In a letter filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the Government argues Sahagun-Gallegos's attorney's factual-basis statement negates all possible statutory alternatives, and therefore the Government's suggested approach is consistent with *Marcia-Acosta*.  If Sahagun-Gallegos had personally assented to the elements of A.R.S. § 13-1203(A)(2), as in the *Marcia-Acosta* burglary example, we might agree with the Government.  But because Sahagun-Gallegos did not assent to the factual basis provided by his attorney, and because the factual basis did not affirmatively set forth the mens rea element of A.R.S. § 13-1203(A)(2), the Government's argument is contrary to *Descamps*'s and *Marcia-Acosta*'s clear direction to focus on the elements, as opposed to the facts, of the underlying conviction.

Because the modified categorical approach does not permit courts to substitute "a facts-based inquiry for an elements-based one," *Descamps*, 133 S. Ct. at 2293, we conclude it was error for the district court to apply the 16-level enhancement based on Sahagun-Gallegos's aggravated assault conviction.   The documents submitted by the Government do not establish that Sahagun-Gallegos pleaded guilty to the elements of A.R.S. § 13-1203(A)(2), the statutory alternative that is a match to the generic "crime of violence."

## CONCLUSION

For the foregoing reasons, we **VACATE** Sahagun-Gallegos's sentence and **REMAND** for resentencing.