NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>    v.<br><br>ROBERT BRUCE HIPPLE, III, a.k.a. Robbie,<br><br>            Defendant - Appellant. | No. 14-30016<br><br>D.C. No. 2:13-cr-00179-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 22, 2015[**]

Before:      HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Robert Bruce Hipple, III, appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

attempted possession with intent to distribute oxycodone, in violation of 21 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

§§ 841(a)(1), (b)(1)(C), and 846.   We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

Hipple contends that the district court procedurally erred by relying on clearly erroneous facts regarding prescription drugs.   We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and find none.   Hipple has not shown a reasonable probability that he would have received a different sentence absent the alleged error.   *See id.* at 1105-06.

Hipple next contends that his sentence is substantively unreasonable because it creates an unwarranted sentencing disparity with his codefendant.   The district court did not abuse its discretion in imposing Hipple's sentence.   *See Gall v. United States*, 553 U.S. 38, 51 (2007).   The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense and Hipple's criminal history.   *See Gall*, 552 U.S. at 51; *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (sentencing disparities among differently situated defendants are not unwarranted).

**AFFIRMED.**