**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JESUS RAMON CORDOVA-PORTILLO,<br><br>Defendant - Appellant. | Nos. 15-10125, 15-10126<br><br>D.C. Nos. 2:13-cr-00977-GMS-1,<br>2:13-cr-50107-GMS-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted September 13, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and TUNHEIM, Chief District
Judge.**

Defendant Jesus Ramon Cordova-Portillo appeals his sentence for illegal

reentry after deportation in violation of 8 U.S.C. §1326(a), enhanced by

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

§ 1326(b)(1). He challenges the application of a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), arguing that his prior conviction for aggravated assault under Arizona law was not a crime of violence. We have jurisdiction under 28 U.S.C. § 1291.

Because Cordova-Portillo did not object to the finding in the Presentence Investigation Report ("PSR") that he was previously convicted of a crime of violence, plain error review applies. *United States v. Rendon-Duarte*, 490 F.3d 1142, 1146 (9th Cir. 2007). Under plain error review, "the appellant must show that the district court made (1) an error (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Castillo-Marin*, 684 F.3d 914, 918 (9th Cir. 2012). Because Cordova-Portillo did not object, documents regarding Cordova-Portillo's state-court conviction were not presented to the district court, and the court instead relied solely on the PSR. A court may commit plain error by relying on a PSR to determine if a prior crime was a qualifying crime of violence, even without an objection. *See id.* at 919-20 (collecting cases). However, "[f]or an error to have affected substantial rights, 'in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *Id.* at 918 (quoting *United States v. Olano*, 507 U.S.

2

725, 734 (1993)). In this appeal, Cordova-Portillo has presented, and both parties rely upon, several documents related to Cordova-Portillo's state-court conviction. These judicially-noticed *Shepard*[1] documents establish that Cordova-Portillo's prior conviction was a qualifying crime of violence under the modified categorical approach. Thus, any error in relying on the PSR was not prejudicial, and we affirm.

Cordova-Portillo was convicted of aggravated assault under Arizona Revised Statutes §§ 13-1203 and 13-1204, which is not categorically a crime of violence. *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012). However, § 13-1203 is a divisible statute, and a conviction under § 13-1203(A)(2) is a crime of violence because it "has as an element 'the use, attempted use, or threatened use of physical force against the person . . . of another.'" *United States v. Cabrera-Perez*, 751 F.3d 1000, 1007 (9th Cir. 2014) (quoting 18 U.S.C. § 16(a)).

To determine the subsection under which Cordova-Portillo was convicted, the Court may look to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Here, the information and complaint did not name a subsection of the

---

[1]*Shepard v. United States*, 544 U.S. 13 (2005).

statute, but they included narrowing language identical to § 13-1203(A)(2), stating the defendant "intentionally placed [the victim] in reasonable apprehension of imminent physical injury." Although the language in the information and complaint cannot be relied on independently to determine whether Cordova-Portillo was convicted of a crime of violence because Cordova-Portillo's plea agreement amended the complaint, *see Alvarado v. Holder*, 759 F.3d 1121, 1131 (9th Cir. 2014), the factual basis given by Cordova-Portillo's attorney at his change of plea hearing mirrored § 13-1203(A)(2), stating that he "intentionally placed [the victim] . . . in reasonable apprehension of imminent physical injury." Cordova-Portillo assented to the factual basis after he was told to listen carefully to his attorney's description. As Cordova-Portillo specifically admitted the elements of § 13-1203(A)(2) at his change of plea hearing, the factual basis can be considered to that extent in applying the modified categorical approach. *See Alvarado*, 759 F.3d at 1130 ("A statement of the factual basis supporting the guilty plea 'may be considered if specifically incorporated into the guilty plea or admitted by a defendant.'" (quoting *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005))); *United States v. Marcia-Acosta*, 780 F.3d 1244, 1251 (9th Cir. 2015).

Because the narrowing language at the change of plea hearing was identical to the qualifying subsection of the statute of conviction and because Cordova-

4

Portillo was explicitly told to pay attention to his attorney's statement of the factual basis and assented to the description, this case is distinct from those Cordova-Portillo cites. *See Marcia-Acosta*, 780 F.3d at 1247-49, 1251-53 (reversing the trial court's finding of a crime of violence where the plea agreement and charging document contained no narrowing language and the trial court relied solely on the attorney's statement, "[a]nd he did that intentionally"—one of three possible states of mind under a single subsection of the statute of conviction—during the change of plea hearing, to which the defendant did not assent); *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1100 (9th Cir. 2015) (reversing the trial court's finding of a crime of violence where the factual basis of the plea did not admit the elements of a particular subsection, and even if it had, the defendant never assented to the factual basis). Accordingly, Cordova-Portillo's prior conviction was a crime of violence supporting an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

**AFFIRMED.**