**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Appellee,<br><br> v.<br><br>CEASAR ADRIAN RODRIGUEZ, AKA<br>Cesar Adrian Rodriguez,<br><br>                    Defendant-Appellant. | No.    16-10425<br><br>D.C. No.<br>4:15-cr-01285-CKJ-DTF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted March 14, 2018
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Ceasar Rodriguez appeals his conviction and 60-month sentence for possession of counterfeit securities.  We affirm his conviction, vacate his sentence, and remand.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

**1.** Because Rodriguez did not object in the district court, we review his argument that the Government breached its plea agreement with him for plain error. *See Puckett v. United States*, 556 U.S. 129, 143 (2009). While the Government did not enthusiastically support the sentencing ranges to which it had agreed, nothing it said was inconsistent with the view that a sentence within those ranges was appropriate. The Government's seemingly accidental misstatement about the agreed-upon ranges was quickly corrected by the court. *See United States v. Heredia*, 768 F.3d 1220, 1235 (9th Cir. 2014) (holding that the government does not breach the plea agreement through a "slip of the tongue" that is promptly corrected (quoting *United States v. Alcala-Sanchez*, 666 F.3d 571, 576 (9th Cir. 2012))). Contrary to its statement that it could not argue "for" the plea agreement, the Government could have encouraged the court to accept the agreement. But because this particular plea agreement did not require the Government to advocate for the agreed-upon ranges, and the Government encouraged the district court to accept the stipulated sentencing ranges in its pre-hearing filings, it did not breach the agreement. Any breach therefore certainly was not plain.

**2.** The district court's statement, in response to a question from Rodriguez's lawyer, that it would be more comfortable with a 60-month sentence than with the sentences contemplated by the rejected plea agreement does not warrant reversal

on plain error review. *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir. 2015). Even assuming the statement violated Federal Rule of Criminal Procedure 11, any such error did not affect Rodriguez's substantial rights or undermine the integrity of the judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Olano*, 507 U.S. 725, 734 (1993). Rodriguez has not argued that his decision to plead guilty was affected by the court's statement, nor is there an indication that the court's decision to respond to counsel's inquiry harmed Rodriguez in any other way. *Cf. Myers*, 804 F.3d at 1258.

**3.** We nonetheless vacate Rodriguez's sentence because the district court incorrectly calculated Rodriguez's criminal history category based on the evidence presented to it. The Government has waived the argument that the district court correctly classified Rodriguez's conviction for Arizona aggravated assault as a crime of violence based on the information in the pre-sentence investigation report. Even if the Government had not waived the issue, we would still vacate Rodriguez's sentence. We have previously held that Arizona aggravated assault is not categorically a crime of violence. *See United States v. Esparza-Herrera*, 557 F.3d 1019, 1025 (9th Cir. 2009). And while Arizona's aggravated assault statute is divisible, *see United States v. Cabrera-Perez*, 751 F.3d 1000, 1005, 1007 (9th Cir. 2014), the record does not demonstrate that Rodriguez was convicted of a version of the offense that would constitute a crime of violence. *See United States v.*

*Sahagun-Gallegos*, 782 F.3d 1094, 1099-100 (9th Cir. 2015). We have said that miscalculating the guidelines range "is a significant procedural error that requires us to remand for resentencing." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011); *see also United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016). We remand because there is a reasonable probability that the district court would have sentenced Rodriguez differently if he were placed in Criminal History Category IV rather than V. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); U.S. Sentencing Commission Guidelines Manual ch. 5, pt. A, Sentencing Table (U.S. Sentencing Comm'n 2014).

**4.** Because Rodriguez will be resentenced, we do not reach his other arguments about this particular sentencing proceeding. *See United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1245 (9th Cir. 2014).[1]

**AFFIRMED** as to Rodriguez's conviction; **VACATED** and **REMANDED** as to Rodriguez's sentence.

---

[1] We do note that the district court appears to have believed erroneously that it should not compare the sentences of Rodriguez and co-conspirator Joshua Ramirez. In fact, it is very appropriate for sentencing courts to compare similarly situated defendants in assessing the "nature and circumstances of the offense" under 18 U.S.C. § 3553(a)(1). *United States v. Saeteurn*, 504 F.3d 1175, 1181-82 (9th Cir. 2007); *cf. United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009).

We grant Rodriguez's motion for judicial notice of documents in Ramirez's case.