NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10047 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00061-WHO-1 |
| v. | |
| JERMAINE FULGHAM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 6, 2022
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BATAILLON,[**] Senior District Judge.

Jermaine Fulgham appeals the sentence imposed by the district court, arguing

it improperly employed the modified categorical approach to enhance his sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joseph F. Bataillon, Senior United States District Judge for the District of Nebraska, sitting by designation.

based on a prior state conviction under Cal. Health & Safety Code § 11352(a). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Because the parties are familiar with the facts, we recite them only as necessary to the result. We affirm.

"[W]e review the district court's determination of whether [a] prior conviction was a controlled substance offense de novo." *United States v. Brown*, 879 F.3d 1043, 1047 (9th Cir. 2018). For a prior conviction to qualify for a sentencing enhancement, "[t]he government bears the burden to establish clearly and unequivocally that the conviction was based on all of the elements of a qualifying predicate offense." *United States v. Lee*, 704 F.3d 785, 789 (9th Cir. 2012) (quoting *United States v. Kovac*, 367 F.3d 1116, 1119 (9th Cir. 2004)) (internal quotation marks omitted).

To determine whether a prior state conviction is a controlled substance offense for purposes of the Sentencing Guidelines, federal courts employ the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). First, we ask whether the state law is a categorical match with a federal controlled substance offense. *See Taylor*, 495 U.S. at 599–600. This Court has already held that section 11352(a) criminalizes a greater variety of controlled substances than does federal law, and therefore is not a categorical match for the federal offense. *See Mielewczyk v. Holder*, 575 F.3d 992, 995 (9th Cir. 2009). We must proceed to the so-called modified categorical approach.

Fulgham argues that the crime to which he pleaded guilty is not a match with the federal offense because the factual basis to which his attorney stipulated merely established that Fulgham sold a controlled substance without identifying which one. Under the modified categorical approach, the Court must first determine if the overbroad state statute is divisible. This Court has previously determined that section 11352 is divisible with respect to its controlled substance requirement. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1041 (9th Cir. 2017).

Moreover, we have previously held that the identity of a controlled substance is an element of the crime under section 11352. *See id.* ("Because the California Supreme Court recognizes multiple section 11352 convictions for a single act as it relates to multiple controlled substances, it has implicitly held that the controlled substance requirement is an element." (citation omitted)). Thus, the identity of the controlled substance is not a fact extraneous to the conviction. *See id.*

Fulgham relies on *United States v. Marcia-Acosta*, which held that a factual basis statement was insufficient to narrow a state conviction because it provided details that were extraneous to the conviction. *See* 780 F.3d 1244, 1247 (9th Cir. 2015). *Marcia-Acosta* is inapposite because the identity of the specific controlled substance that Fulgham sold is an element of Fulgham's crime of conviction and not an extraneous fact.

22-10047

Fulgham also argues that the district court should not have considered a 2003 police report—which Fulgham's attorney stipulated served as the factual basis for Fulgham's guilty plea—because Fulgham did not personally assent to the factual basis or its accuracy. In determining which statutory phrase was the basis for the conviction under the modified categorical approach, the court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). We have repeatedly found that, under the modified categorical approach, the defendant's counsel's stipulation to a police report may constitute the factual basis for the underlying crime. *See, e.g.*, *United States v. Almazan-Becerra*, 537 F.3d 1094, 1099 (9th Cir. 2008); *see also United States v. Espinoza-Cano*, 456 F.3d 1126, 1132 (9th Cir. 2006). We have further held that it is appropriate to consider the stipulated police report to determine whether the defendant has pleaded guilty to a specific element of an offense. *Id.*

Fulgham relies on *United States v. Sahagun-Gallegos*, 782 F.3d 1094 (9th Cir. 2015), to argue that his personal assent to the factual basis should have been required. *Sahagun-Gallegos* is distinguishable because in that case, the district court relied on the attorney's recitation of facts rather than counsel's stipulation, as in Fulgham's case. Moreover, *Sahagun-Gallegos* examined facts extraneous to the

22-10047

conviction whereas the identity of the controlled substance in Fulgham's case was an element of the crime of conviction.

**AFFIRMED.**