NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAN DIAZ MORENO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 19-72403

Agency No. A047-253-666

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2024[**]
San Francisco, California

Before: SILER,[***] TASHIMA, and BRESS, Circuit Judges.

Last year, we held that Arizona's statute criminalizing the possession of drug

paraphernalia, A.R.S. § 13-3415, is divisible by drug type. *Romero-Millan v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*Garland,* 46 F.4th 1032 (9th Cir. 2022). As a result, if a noncitizen is convicted of violating the statute and his offense relates to a drug regulated under the Controlled Substance Act (CSA), he is removable. 8 U.S.C. § 1227(a)(2)(B)(i).

Such is the case with Adan Diaz Moreno, who was convicted of violating A.R.S. § 13-3415, admitted during his plea colloquy that his offense related to his possession of cocaine, and was later subject to removal proceedings. Diaz Moreno asks us to overturn *Romero-Millan* and find A.R.S. § 13-3415 indivisible. He also asks us to conclude that, even if the Arizona statute is divisible, his plea colloquy alone cannot establish his violation of the CSA. We have jurisdiction under 8 U.S.C. § 1252 and consider de novo the question of whether Diaz Moreno's conviction renders him removable. *See* 8 U.S.C. § 1252(a)(2)(D); *Romero-Millan*, 46 F.4th at 1040. The parties are familiar with the facts, so we discuss them here only where necessary. We deny Diaz Moreno's petition.

1. Our decision in *Romero-Millan* is binding, and a three-judge panel cannot overrule binding circuit precedent unless it is clearly irreconcilable with intervening Supreme Court authority. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Because *Romero-Millan* was not overturned by an en banc decision and Diaz Moreno cites no intervening Supreme Court authority, we are bound by *Romero-Millan*'s holding that A.R.S. § 13-3415 is divisible. Our analysis of the divisibility of A.R.S. § 13-3451 in *Romero-Millan* was not dicta. It was the central issue of the

2

case. It is therefore not appropriate to "re-visit" or "correct" the issue without en banc review or intervening Supreme Court authority.

It is true that the question of divisibility "remains a question of state law as to which the Supreme Court of Arizona remains the ultimate authority. Should it later decide the underlying question differently, such as by deciding that jury unanimity as to drug type was not required for a conviction under § 13-3415, it is that court's decision that must be followed." *Romero-Millan*, 46 F.4th at 1044 n.7. But the two sources that Diaz Moreno cites—his own conviction record and a statement by the Arizona Attorney General's Office—are not decisions of the Arizona Supreme Court and therefore do not affect our holding in *Romero-Millan*.

Nor do new facts allow us to disregard binding law. Diaz Moreno cites *Lorenzo v. Whitaker*, 752 F. App'x 482, 485 (9th Cir. 2019) and *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1155 (9th Cir. 2020) alongside the "concrete facts" of his own conviction record and a statement by Arizona's Attorney General. In *Lorenzo*—an unpublished, nonbinding decision—we determined that a California criminal statute prohibiting optical and geometric isomers of methamphetamine was not a categorical match for the CSA, because the CSA only prohibited optical isomers. 752 F. App'x at 485-86. Later, in *Rodriguez-Gamboa*, we held that because geometric isomers of methamphetamine do not exist, the statutes were, in fact, categorical matches. 972 F.3d at 1151-55. Diaz Moreno takes these two

decisions to mean that we can "correct" legal determinations without calling for an en banc hearing. But Diaz Moreno misses a crucial issue here: because *Lorenzo* was unpublished, its holding was not binding precedent, *see* Ninth Cir. Rule 36-3(a) ("Unpublished dispositions . . . are not precedent . . ."), and the *Rodriguez-Gamboa* panel had nothing to "correct."

Because this panel is bound to our decision in *Romero-Millan* that A.R.S. § 13-3415 is divisible, Diaz Moreno's argument fails.

2. Diaz Moreno was convicted of an offense involving cocaine. Yet he argues that because his record does not identify a specific drug as an element of his offense, the DHS cannot sustain its deportability charge. The government points out that Diaz Moreno admitted to possessing cocaine in his plea colloquy, but Diaz Moreno claims this cannot by itself show that his offense involved a drug regulated by the CSA.

Because A.R.S. § 13-3415 is divisible, we apply a modified categorical approach. To determine "what crime, with what elements, a defendant was convicted of," we may look to the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). The question,

then, is whether Diaz Moreno's colloquy alone is sufficient to show that he pleaded guilty to a crime involving cocaine.

It is. Admissions made during a plea colloquy are enough to satisfy the modified categorical approach. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (applying the modified categorical approach and determining that a defendant's affirmative response to whether he sold cocaine base is sufficient to show his conviction was for selling cocaine). Diaz Moreno answered affirmatively when the court asked him whether he was stopped while driving with a baggie of cocaine, whether he knew the baggie was there, and whether he knew that it contained cocaine. Therefore, his plea colloquy makes clear that his offense involved cocaine.

*United States v. Marcia-Acosta*, 780 F.3d 1244, 1250 (9th Cir. 2015), is distinguishable. There, we held that a plea colloquy cannot narrow a state conviction when it provides facts *extraneous* to the conviction. *Id*. at 1255. In Diaz Moreno's case, the drug type was not extraneous to the conviction, but rather an element of the offense. *See Romero-Millan*, 46 F.4th at 1047 ("[W]e conclude that drug type is an element of the offense under § 13-3415."). That cocaine was not mentioned in his charging documents, plea agreement, or judgment is inconsequential.

*United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1100 (9th Cir. 2015), is likewise distinguishable. There, we held that a defendant's attorney could not

5

provide the factual basis of conviction when the record did not show that the defendant assented to the factual basis provided by his attorney. *Id.* Diaz Moreno, on the other hand, personally affirmed that 1) when he was arrested, his vehicle had a baggie of cocaine in it, 2) he knew he had the baggie with him, and 3) he knew the baggie contained cocaine.[1] The plea colloquy is clear: Diaz Moreno admitted that his conviction involved cocaine, an element of the offense. This admission was not "based only on the prosecutor's recitation of underlying conduct" as Diaz Moreno claims, but was based on his own affirmation that his arrest involved his possession of cocaine.

Because A.R.S. § 13-3415 is divisible by drug type, Diaz Moreno's plea colloquy established the drug type for which he was convicted, and that drug type is a controlled substance under the CSA, the agency properly determined that Diaz Moreno was convicted of a § 1227(a)(2)(B)(i) controlled substance offense.

**PETITION DENIED.**

---

[1] Diaz Moreno argues that his "silence does not turn facts into elements[.]" But Diaz Moreno was not silent—he answered the judge's questions with three verbal "yes" answers. Nor were the questions all "compound questions identifying seven different facts[.]"