**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR LUIS CORELLA-BELTRAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-899

Agency No.
A091-851-828

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2024
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Petitioner Oscar Corella-Beltran petitions for review of an order of the

Board of Immigration Appeals (BIA) determining that he was removable because

his prior assault convictions were aggravated felonies. Because the parties are

familiar with the facts, we do not repeat them here, except as necessary to provide

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

context to our decision. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Petitioner's conviction under "A.R.S. §§ 13-1204(A)(3), 13-1203(A)(1), (2), and (3)" (Count 9) is an aggravated felony under the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii). Under the modified categorical approach, "we may examine a limited class of judicially noticeable documents to determine whether the alternative corresponding to the generic offense was the basis of the conviction." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015). When a defendant's conviction was based on a guilty plea, such documents include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

The factual basis provided at the change of plea hearing, and Petitioner's assent to it, establishes for purposes of the modified categorical approach that Petitioner was convicted of an aggravated felony. Petitioner's counsel at the change of plea hearing specifically stated that "[Petitioner] committed aggravated assault by *intentionally touching* Officer Gamez *with the intent to injure*." That language tracks the language of Ariz. Rev. Stat. Ann. § 13-1203(A)(3), which provides that a person commits assault by "[k]nowingly touching another person with the intent to injure . . ." Because an intentional mens rea necessarily includes

a knowing mens rea, Petitioner "necessarily admitted [the] elements of" subsection (A)(3), which, together with the accompanying aggravating factor, constitutes a crime of violence. *Shephard*, 544 U.S. at 26. And because Petitioner's conviction under Count 9 is a crime of violence, we need not reach his arguments concerning his conviction under Count 4 to conclude that his removability has been established.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**